# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FRANK BINDLEY, etc., | 3:14-cv-00480-LRH-WGC |
| Plaintiffs, | |
| vs. | **ORDER** |
| DWIGHT MILLARD, etc., et al., | **re: Doc. # 21** |
| Defendants. | |

Before the court is Plaintiff's Motion to Quash or Modify Subpoena to Produce Documents to Sheila Songer. (Doc. # 21.)[1]

Plaintiff Frank Bindley filed a motion to quash on the afternoon of Friday, March 20, 2015, for a deposition which is scheduled for Wednesday, March 25, 2015. (Doc. # 21-1.) The dispute as to the subject of the motion to quash was ripe no later than March 12, 2015, when Defendants' counsel advised Plaintiff's counsel that "absent a court order quashing or modifying the subpoena to Ms. Songer prior to her 3/25/15 deposition, I trust that you will not counsel her to disobey the subpoena that was served upon her." (Doc. # 21-1 at 19.)

For inexplicable reasons, Plaintiff Bindley did not file his motion to quash as an "emergency motion" (Local Rule 7-5) nor did Plaintiff include the certification of counsel under LR 7-5(d)(3) and LR 26-7(b) that "after personal consultation and sincere effort to do so," the movant has been unable to resolve the discovery dispute. In that regard, Exhibit 4 of Plaintiff's motion is an email from Defendants' counsel to Plaintiff's counsel wherein defense counsel expressed the view Ms. Songer's notes are not

---

[1] Refers to court's docket number.

1  privileged or protected but also stated that "I would be interested to see what the basis of any such
2  motion would be." (Doc. # 21-1 at 19.) It does not appear from Plaintiff's motion that Plaintiff's counsel
3  provided Defendants' counsel an explanation of his position or citation to relevant authorities, such as
4  those appearing at pp. 5-7 of Plaintiff's motion. Had he done so, this motion might have been avoided.

5  It further appears that Plaintiff prepared objections to the Sheila Songer subpoena (Doc. # 21-1
6  at 15), but that the objections were never filed with the court. Neither was the actual subpoena duces
7  tecum submitted along with Plaintiff's motion to quash.

8  The importance of characterizing a discovery motion as an "emergency" under LR 7-5 enables
9  the court to identify a pending dispute that would accelerate the standard briefing schedule of allowing
10 the opposition to file a response fourteen days after service of the motion and the movant another seven
11 days to file a reply.  Local Rule 26-7 enables a movant to seek expedited relief from the Magistrate Judge
12 assigned to the case.

13 Although Plaintiff's motion procedurally is deficient from the standpoint of compliance with the
14 Local Rules, the court will temporarily grant the motion to quash with respect to the "notes [Songer]
15 took during the deposition of defendant Dwight Millard.* * * Songer took notes during the defendant's
16 deposition at the direction of Plaintiff's counsel to assist Bindley and Bindley's counsel." It appears
17 facially that Plaintiff's motion may present grounds that the documents are protected by the attorney-
18 client privilege and/or the work product doctrine.

19 The court will address the substance of Plaintiff's motion following an opportunity for
20 defendants to submit points and authorities in response to Plaintiff's motion.  Counsel are directed to
21 contact Courtroom Administrator (Katie Lynn Ogden, 775.626.5758) to set oral arguments on Plaintiff's
22 motion on this issue.  First, however, Plaintiff's counsel is directed to meet and confer with Defendants'
23 counsel to discuss the merits of Plaintiff's objections.

24 Plaintiff's motion (Doc. #21) is **granted in part** consistent with this order. The Songer notes
25 need not be produced at her March 25, 2015 Deposition pending further order of the court.

26 **IT IS SO ORDERED.**
27 DATED: March 24, 2015.
   _____
   WILLIAM G. COBB
28 UNITED STATES MAGISTRATE JUDGE